An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JERROD GREGORY CELESTOR
BLACKWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60836

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his February 3, 2012, petition, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04604

466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his counsel was ineffective for failing to argue that the district court illegally imposed the habitual criminal enhancement because the district court did not sentence him on the primary charge first. Appellant also asserted that this error caused the district court to lack jurisdiction to impose sentence and violated his right to due process. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The district court properly imposed a sentence prescribed by the habitual criminal statute. See Lisby v. State, 82 Nev. 183, 189-90, 414 P.2d 592, 595-96 (1966). Appellant failed to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel argued that the district court should have first imposed a sentence prescribed by the offense statute. Therefore, the district court did not err in denying this claim.[2]

Second, appellant claimed that his counsel was ineffective for failing to argue that the sentence imposed under the habitual criminal statute varies from and improperly exceeds the statutory maximum for the underlying crime of grand larceny. Appellant failed to demonstrate

---

[2]Appellant also claimed that his appellate counsel was ineffective for failing to argue that the district court imposed the habitual criminal sentence illegally and without jurisdiction and that the error violated his due process rights. As the district court properly sentenced appellant as a habitual criminal, appellant failed to demonstrate his appellate counsel was ineffective for failing to raise the underlying claims on direct appeal. See Kirksey, 112 Nev. at 998, 923 P.2d at 1114; Strickland, 466 U.S. at 697.

that his counsel's performance was deficient or that he was prejudiced. NRS 207.010 allows for an increased sentence on the charged offense for recidivist criminals and the district court did not err in imposing a sentence prescribed by that statute. See Lisby, 82 Nev. at 190, 414 P.2d at 596 ("the purpose of the habitual statute is to increase the prison sentence for the recidivist"); Carr v. State, 96 Nev. 936, 940, 620 P.2d 869, 871 (1980). Appellant failed to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel argued the district court could not sentence him for longer than provided in the grand larceny statute. Therefore, the district court did not err in denying this claim.[3]

Having concluded appellant is not entitled to relief, we
ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                  Cherry

_____

[3]Appellant also claimed that his appellate counsel was ineffective for failing to argue that the sentence imposed under the habitual criminal statute varied from and improperly exceeded the statutory maximum for the underlying charge for grand larceny. As the district court properly sentenced appellant pursuant to NRS 207.010, appellant failed to demonstrate his appellate counsel was ineffective for failing to raise the underlying claims on direct appeal. See Kirksey, 112 Nev. at 998, 923 P.2d at 1114; Strickland, 466 U.S. at 697.

cc: Hon. David B. Barker, District Judge
     Jerrod Gregory Celestor Blackwell
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk